892 F.2d 1051
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Manfred SCHMIDT and Reimund Kluge.
 No. 89-1456.
 United States Court of Appeals, Federal Circuit.
 Dec. 28, 1989.
 
 Before NIES, BISSELL and MAYER, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Manfred Schmidt and Reimund Kluge appeal from the decision of the Patent and Trademark Office Board of Patent Appeals and Interferences, dated March 13, 1989, sustaining the patent examiner's final rejection of claims 1 to 4, 6, 7, 9 to 13, 15 to 18, 21, 22, 28 and 29 of United States Patent Application Serial No. 522,115 directed to a container for photosensitive material. The Board sustained the examiner's rejection for obviousness under 35 U.S.C. § 103 (1982) in light of United States Patent No. 4,408,340 (the Bauer patent). We reverse.
 
 OPINION
 
 2
 The Board relied solely on the Bauer patent as establishing a prima facie case of obviousness, holding that the claim covered the disclosed Bauer structure except for the requirement that the "connecting elements" must be "discrete." It further found that one of ordinary skill in the art would be motivated to remove a portion of the integral sheet in Bauer (i.e., part of the connecting element), thereby making "discrete connecting elements," to save cost. We disagree with both conclusions.
 
 
 3
 While it is correct that during application prosecution the relative terms in a claim must be given their broadest reasonable interpretation, such interpretation is "reasonable" only if it is consistent with the application's specification. In re Royka, 490 F.2d 981, 984-85, 180 USPQ 580, 582-83 (CCPA 1974). The Board interpreted the portion of representative claim 1* that requires the two edges of flexible foil to face opposite sides of the compartment to be found in Bauer by the two corners of one edge of such foil, the thickness of the foil being the separation. It then construed the top and bottom of the cassette itself as the opposite "sides" which were "faced." We agree with appellants that such an interpretation is unreasonable because it is inconsistent with the specification. The specification consistently refers to the cassette top as the cover and the bottom as the bottom. In contrast, the other four surfaces extending normal to the cover and bottom are referred to as "sides." Nothing in the specification suggests that, as used in the claim, "side[s]" could reasonably include the cover and bottom. Further, an "edge" must "face" a "side." Only what the specification calls the surface of the foil could be said to face the cover and bottom and that would make the horizontal surface or part of it into an "edge." Indeed, we conclude that the specification precludes equation of the cover or bottom of the cassette with a "side," and that the Board erred as a matter of law in its overly expansive interpretation of "sides," and its wholly strained interpretation of an "edge."
 
 
 4
 The Board also found that using "discrete connecting elements" to perform the suspension function would have been obvious in light of Bauer because all one of ordinary skill in the art would have to do to achieve discrete connecting elements is to remove the intermediate portions of the integral protective layer disclosed in Bauer. We think this analysis impermissibly "reconstructed the [Schmidt cassette], using the blueprint of the [Schmidt claims]." Interconnect Planning Corp. v. Feil, 774 F.2d 1132, 1139, 227 USPQ 543, 548 (Fed.Cir.1985).
 
 
 5
 Recognizing that its suggested modification requires support by evidence or common knowledge of one of ordinary skill in the art ( see Uniroyal, Inc. v. Rudkin-Wiley Corp., 837 F.2d 1044, 1051-52, 5 USPQ2d 1434, 1438-39 (Fed.Cir.1988); W.L. Gore Assoc., Inc. v. Garlock, Inc., 721 F.2d 1540, 1551, 220 USPQ 303, 311 (Fed.Cir.1983)), the Board opined that it is a well-known fact that reducing the amount of material used for any component part reduces costs of manufacturing and that this cost reduction feature provided an economic motivation for the modification of Bauer. However, while we agree that cost saving may serve as a motive for making a modification, see Orthopedic Equip. Co. v. United States, 702 F.2d 1005, 1013, 217 USPQ 193, 200 (Fed.Cir.1983), it must be clear at least that the modification, in fact, effects a reduction in the cost of manufacture. Given the structure of the device here, it would be entirely speculative that a reduction in the amount of foil ipso facto would result in a reduction in overall costs. Simply cutting out sections of the foil after assembly to create discrete parts would cause waste, not cost reduction. Alternatively, any saving in material by making discrete portions to begin with could well be offset by additional labor costs inherent in making and assembling a greater number of components. The board's premise of inherent cost savings is rejected.
 
 
 6
 In sum, the claim limitation reciting two "edges" cannot be reasonably read on Bauer even when the claim is given its broadest reasonable interpretation, and no evidence or motive suggests that modifying Bauer would be obvious to one of ordinary skill in the art. Accordingly, the Board's decision to sustain the examiner's § 103 rejection cannot stand.
 
 
 
 *
 Claim 1 reads in pertinent part:
 
 
 [1]
 A cassette for photosensitive material, particularly x-ray film, comprising:
 ... (c) a plurality of discrete connecting elements connecting one of said magnetic elements with one of said members in such a manner as to permit relative movement of said one magnetic element and said one member, each connecting element including a first connecting portion which engages said one magnetic element but not said one member, and each connecting element further including a second connecting portion which engages said one member but not said one magnetic element, each connecting element also including an intermediate connecting portion connecting the respective first and second portions with one another, and each of said intermediate portions being constituted by a flexible foil having a first edge which faces one side of said compartment, and a second edge which faces the opposite side of said compartment and is spaced from the respective first edge, the first portion of each connecting element being located in the region of the first edge of the respective intermediate portion, and the second portion of each connecting element being located in the region of the second edge of the respective intermediate portion so that the first and second portions of each connecting element are offset from one another, each connecting element being secured to said one magnetic element exclusively at the respective first portion, and to said one member exclusively at the respective second portion.